UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CLARENCE DOSTER,

        Plaintiff,

v.                                        CIVIL NO. 05-72960
                                        HON. LAWRENCE P. ZATKOFF

FRANCIS J. HARVEY,
SECRETARY OF THE ARMY,

        Defendant.

_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

This matter is before the Court on Defendant's Motion to Dismiss, to Strike, and for Summary Judgment filed on October 5, 2005. Plaintiff has responded to Defendant's motion, and Defendant has replied to the response. Plaintiff has filed an additional reply which will be stricken from the record. Plaintiff, who is representing himself, has requested a hearing since he alleges he does not have a full understanding of the law. However, the Court notes that Plaintiff has filed

multiple discrimination complaints, participated in a class action lawsuit involving discrimination, and has two master's degrees. Plaintiff also had a sufficient understanding of the law to file the current complaint. The Court finds that the facts and legal arguments are adequately presented in the parties' papers and the decision process would not be significantly aided by oral argument. Therefore, Plaintiff's motion for a hearing is denied. Pursuant to E.D. MICH. LR 7.1(e)(2), it is hereby ORDERED that the motion be resolved on the briefs submitted. For the reasons set forth below, Defendant's Motion for Summary Judgment is GRANTED.

## II.  BACKGROUND

Plaintiff is a 57 year old African American male who works for the Department of Defense. Plaintiff earned a Bachelor's degree in Business Administration, and Master's degrees in Management and Supervision, and Logistics Management. Plaintiff has been employed by the Department of Defense for over 30 years, and has worked as a Logistics Management Specialist since 1989. Plaintiff's current position is rated GS-12.

In May 2002, vacancy announcements were posted for two GS-0346-13 Logistics Management Specialist positions. Because the responsibilities for the two positions were similar, the selecting official, Michael Bierlein, decided to use one interview process to choose candidates for both positions. The referral list for the two positions contained sixty applications. Bierlein narrowed the list down to approximately twenty individuals whom he felt were the most qualified. Bierlein then began to prepare an interview questionnaire. Bierlein referenced previous questionnaires, and asked team leaders which aspects of the positions should be emphasized during the interview process. Candidates would be scored based on their responses to the various questions.

Bierlein decided to initially interview the candidates himself. If there was a clear distinction between the scores of the top two candidates and those of the others, the top two would be selected. If there was no clear distinction, the top candidates would be re-interviewed by a panel. Bierlein proceeded to interview the candidates, except for Blondine Irving, an African American female. Irving was ill at the time, and unable to be interviewed. Bierlein consulted with Orlandus Smith, a personnel specialist, on how to proceed, because he wanted to give Irvine full consideration for the positions. They decided that Bierlein should assess Irving's qualifications through her performance reviews, resume, and his personal knowledge (Bierlein had previously supervised Irving). Based on his evaluation, Bierlein determined Irving was the second most qualified candidate for the positions.

The highest-scoring candidate based on the interview process was Ralph Halt, who scored 139. The next highest score was 107, received by Mark Stepowski. Plaintiff's score was 93, the sixth highest. Based on the scores, and his assessment of Irving, Bierlein selected Halt and Irving for the positions. However, after Bierlein submitted his selections to the personnel department, Irving passed away. Bierlein then selected Stepowski to replace Irving, since he received the second-highest score on the interview questionnaire.

In October, 2002, Plaintiff learned he had not been selected. Plaintiff filed an EEO complaint in November 2002, alleging racial and gender discrimination, and retaliation. In July, 2004, a hearing was held on Plaintiff's complaint. The ALJ found Defendant had not committed any acts of discrimination. Plaintiff appealed the decision, and in March 2005 the EEOC denied the appeal. The instant suit was filed on July 29, 2005.

### III.  LEGAL STANDARD

Summary judgment is appropriate only if the answers to the interrogatories, depositions, admissions, and pleadings combined with the affidavits in support show that no genuine issue as to any material fact remains and the moving party is entitled to judgment as a matter of law.  *See* FED. R. CIV. P. 56(c).  A genuine issue of material fact exists when there is "sufficient evidence favoring the non-moving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986) (citations omitted).  In application of this summary judgment standard, the Court must view all materials supplied, including all pleadings, in the light most favorable to the non-moving party.  *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  "If the evidence is merely colorable or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (citations omitted).

The moving party bears the initial responsibility of informing the Court of the basis for its motion and identifying those portions of the record that establish the absence of a genuine issue of material fact.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Once the moving party has met its burden, the nonmoving party must go beyond the pleadings and come forward with specific facts to demonstrate that there is a genuine issue for trial.  *See* FED. R. CIV. P. 56(e); *Celotex*, 477 U.S. at 324.  The non-moving party must do more than show that there is some metaphysical doubt as to the material facts.  It must present significant probative evidence in support of its opposition to the motion for summary judgment in order to defeat the motion for summary judgment.  *See Moore v. Phillip Morris Co.*, 8 F.3d 335, 339-40 (6th Cir. 1993).

## IV.  ANALYSIS

**A.    Racial Discrimination**

Title VII provides, in pertinent part, that "it shall be an unlawful employment practice for

an employer . . . to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Since Plaintiff relies upon circumstantial rather than direct evidence of discrimination, Plaintiff's discrimination claims are governed by the burden-shifting analysis set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). The Supreme Court described the burden-shifting framework as follows:

> First, the plaintiff has the burden of proving by the preponderance of the evidence a prima facie case of discrimination. Second, if the plaintiff succeeds in proving the prima facie case, the burden shifts to the defendant "to articulate some legitimate, nondiscriminatory reason for the employee's rejection." Third, should the defendant carry this burden, the plaintiff must then have an opportunity to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination.

*Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 252-53 (1981) (citations omitted).

To establish a prima facie case in the failure to promote scenario, "a plaintiff must show: (1) that he is a member of a protected class; (2) that he applied and was qualified for a promotion; (3) that he was considered for and denied the promotion; and (4) other employees of similar qualifications who were not members of the protected class received promotions." *Sutherland v. Mich. Dep't of Treasury*, 344 F.3d 603, 614 (6th Cir. 2003).

Plaintiff has established a prima facie case: he is a member of a protected class, he applied for and was qualified for a promotion, he was considered for and denied the promotion, and other employees of similar qualifications who were not members of the protected class received promotions.

However, Defendant has articulated a legitimate, nondiscriminatory reason for Plaintiff's non-selection. Defendant claims the two individuals selected received the two highest scores from

the interview process. Thus, to avoid summary judgment, Plaintiff must demonstrate that Defendant's reason was a pretext for discrimination.

First, Plaintiff claims that Stepowski did not possess the mandatory qualifications for the GS-0346-13 positions. Plaintiff claims that Stepowski was not Level III acquisition logistics certified at the time of his selection, and argues his selection was thus a violation of DoD 5000.52M. However, Defendant notes that the statutory requirements may be waived. Plaintiff's Exh. C at 22. In addition, an applicant has up to 18 months after his selection to meet the standards or obtain a waiver. *Id.* at 24. There also are alternative methods for meeting the standards. *Id.* In addition, Bierlein was not responsible for determining if Stepowski met the requirements. The personnel department determined Stepowski was qualified, and referred his application to Bierlein, along with the other qualified candidates. Thus, the Court finds Plaintiff's argument regarding mandatory qualifications unpersuasive.

Plaintiff also argues that he was more qualified than Stepowski. Plaintiff has two Master's degrees, while Stepowski only has a Bachelor's degree. Plaintiff is also Level III acquisition logistics certified. Plaintiff's education was taken into consideration during the interview process. According to Bierlein, there were several questions in the interview questionnaire that were related to experience, education, and training. Question one addressed work experience, question two addressed education and training, and question three addressed certification. Plaintiff scored four out of five on the experience question, five out of five on the education question, and seven out of ten on the certification question. In contrast, Stepowski scored three out of five on the experience question, three out of five on the education question, and four out of ten on the certification question.

However, there were other areas of the questionnaire where Plaintiff did not score as well

as Stepowski.  Question eight asked the candidate what acquisition and fielding strategies he would employ when implementing a combat vehicle system, questions eleven and twelve dealt with cost reduction, and question thirteen dealt with physical configuration audits.  Def. Exh. 1 at 79-85. Bierlein testified that "those questions were based on review of the positions that we were filling and the type of work and the type of responsibilities that the individuals filling those positions would have to perform."  *Id.* at 82.   Bierlein also testified that Plaintiff gave very brief answers that did not deal with the "meat" of the questions, and thus received a low score on that portion of the questionnaire.  *Id.* at 81.

The Court does not believe that Plaintiff's extensive educational background demonstrates pretext.  Employers are not required to select employees solely on the basis of their resumes, as there may be other factors that determine whether a candidate is suited for a position.  Bierlein testified that "in my opinion and my experience, you want to have a range of questions that challenge all of the applicants so that you can see a distinction within the scores.  That tells you who is the best qualified."  *Id.* at 85.  The Court is not in a position to dictate to Defendant the type of interview process it should employ.  The role of the Court is "to prevent unlawful hiring practices, not to act as a 'super personnel department' that second guesses employers' business judgments."  *Hedrick v. W. Reserve Care Sys.*, 355 F.3d 444, 462 (6th Cir. 2004) (quoting *Simms v. Oklahoma ex rel. Dep't of Mental Health and Substance Abuse Servs.*, 165 F.3d 1321, 1330 (10th Cir. 1999)).

Plaintiff also alleges that Stepowski was unable to perform his duties, and was subsequently removed from the position.  The Court notes that Defendant's Exhibit F, which he cites in support of this claim, does not in fact contain any information regarding Stepowski's performance or subsequent removal.  However, even if Plaintiff's allegation is true, it does not demonstrate pretext.

The Sixth Circuit has noted that there is a distinction "between a poor business decision and a reason manufactured to avoid liability." *Hartsel v. Keys*, 87 F.3d 795, 800 (6th Cir. 1996) (quoting *Dister v. Continental Group, Inc.*, 859 F.2d 1108, 1116 (2d Cir. 1988)). Plaintiff has produced no evidence suggesting that Bierlein rigged the interview questionnaire to ensure that Stepowski received the second-highest score, or that Bierlein or anyone else ever treated Plaintiff differently because of his race. Thus, Plaintiff cannot demonstrate pretext, and his racial discrimination claim fails as a matter of law.

**B.     Gender Discrimination**

Plaintiff's gender discrimination claim fails on its face, because two males, Halt and Stepowski, were selected for the positions. Although he does not directly address the issue, Plaintiff could argue that the initial selection of Irving, a female, satisfied his prima facie case.

However, because Plaintiff is a male claiming gender discrimination, this is a reverse discrimination case, and there is an additional element to the prima facie case. *See Yeager v. GMC*, 265 F.3d 389 (6th Cir. 2001). In the reverse discrimination scenario, "to satisfy the first prong of the prima facie case, the plaintiff must demonstrate background circumstances [to] support the suspicion that the defendant is that unusual employer who discriminates against the majority." *Id.* (quotations omitted).

Plaintiff has not produced any evidence demonstrating that Defendant is "that unusual employer who discriminates against the majority." Thus, he has not established a prima facie case.

In addition, as discussed above, Defendant has articulated a legitimate, nondiscriminatory reason for Plaintiff's non-selection, and Plaintiff cannot demonstrate pretext. Plaintiff's gender discrimination claim fails as a matter of law.

### C.     Retaliation for prior EEOC Activity

To establish a prima facie case of Title VII retaliation a plaintiff must show that:

(1) [he] engaged in activity protected by Title VII; (2) this exercise of protected rights was known to defendant; (3) defendant thereafter took adverse employment action against the plaintiff, or the plaintiff was subjected to severe or pervasive retaliatory harassment by a supervisor; and (4) there was a causal connection between the protected activity and the adverse employment action or harassment.

*Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 792 (6th Cir. 2000).

Plaintiff has clearly established the first three elements: he engaged in prior protected activity, Bierlein knew of the activity, and Bierlein did not select Plaintiff for the position. Plaintiff fails, however, on the fourth element.

To show a causal connection, the plaintiff "must produce sufficient evidence from which an inference can be drawn that the [employer] took the adverse employment action because [the plaintiff] filed a discrimination charge." *Singfield v. Akron Metro. Housing Auth.*, 389 F.3d 555, 563 (6th Cir. 2004). Temporal proximity can be used to show a causal connection. In the current case, Plaintiff alleges he was engaged in a Title VII action against Defendant from January 2002 until July 2002. The parties do not specify precisely when Bierlein made his decision, but Plaintiff was notified in the beginning of October 2002.

However, the Sixth Circuit has held that "the mere fact that an adverse employment decision occurs after a charge of discrimination is not, standing alone, sufficient to support a finding that the adverse employment decision was in retaliation to the discrimination claim." *Balmer v. HCA, Inc.*, 423 F.3d 606, 615 (6th Cir. 2005) (quoting *Booker v. Brown & Williamson Tobacco Co.*, 879 F.2d 1304, 1314 (6th Cir. 1989)). Plaintiff has not produced any evidence showing that Bierlein resented Plaintiff's prior EEO activity, or that he treated Plaintiff differently. Plaintiff's conclusory assertion

is not sufficient to establish a causal connection.

Even if Plaintiff had established a prima facie case of retaliation, Defendant has articulated legitimate, non-discriminatory reasons for Plaintiff's non-selection. As discussed above, Bierlein's decision to select Halt and Stepowski was based on their scores on the interview questionnaire. Thus, to survive a motion for summary judgment, Plaintiff must demonstrate that Defendant's reasons are pretextual.

Plaintiff has failed to make the required showing. Plaintiff has produced no evidence that Bierlein skewed the interview questionnaire to favor applicants who had not engaged in protected activity. Rather, Plaintiff offers the conclusory assertion that the only possible explanation for Defendant's failure to promote him is retaliation for his protected activity. This assertion is insufficient to demonstrate pretext. Since Plaintiff cannot demonstrate pretext, his retaliation claim fails as a matter of law.

## V. CONCLUSION

For the above reasons, Defendant's Motion for Summary Judgment is GRANTED. Plaintiff's action is HEREBY DISMISSED with prejudice.

IT IS SO ORDERED.

          s/Lawrence P. Zatkoff
          LAWRENCE P. ZATKOFF
          UNITED STATES DISTRICT JUDGE

Dated: December 21, 2005

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on December 21, 2005.

                                            s/Marie E. Verlinde
                                            Case Manager
                                            (810) 984-3290